IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 23-cr-00273-RMR

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. CHAD EDWARD KEITH,

       Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**
_____

COMES NOW the United States of America ("United States"), by and through United States Attorney Cole Finegan and Assistant United States Attorney Kurt Bohn, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure and moves this Court to enter a Preliminary Order of Forfeiture.

    1.    On May 17, 2023, an Indictment was filed charging defendant Chad Edward Keith with Count One, Possession of a Firearm or Ammunition by a Prohibited Person, a violation of 18 U.S.C. § 924(g)(1). (Doc. 13).

    2.    The United States also sought forfeiture from defendant Chad Edward Keith pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of the following:

    a. a 300 Magnum Bolt action rifle bearing no serial number;
    b. Mossberg 500 12 gauge bearing serial number U355642;
    c. Savage model 93 R17 Caliber 17HMR bearing serial number 0834472;
    d. Glock 21 caliber .45 auto bearing serial BGGU957;
    e. Scoped bolt action rifle bearing a hand-engraved serial number MNOG209012019;
    f. Winchester model 62A, 22 caliber bearing serial 378453;
    g. Century Arms C308 Sporter bearing serial number C308E32151;
    h. Ruger 10/22 22 long rifle bearing serial number 0012-33607;
    i. Mossberg 590 12-gauge shotgun bearing serial number K383899;

      j.   Century Arms WASR-10 7.62 by 39mm caliber bearing serial number AG-2830-81;
      k.  Ruger Super Redhawk .44 magnum bearing serial number 550-84773
      l.   All recovered ammunition,

involved in the commission of the offense in Count One. (Doc. 13, p 2.)

3.      On October 17, 2023, the United States and defendant Chad Edward Keith entered into a Plea Agreement. The Plea Agreement provides, *inter alia*, that the defendant plead guilty to Count One of the Indictment, a violation of 18 U.S.C. § 922(g)(1) and further agreed to the forfeiture of the above listed firearms and ammunition. (Doc. 27).

4.      Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), as soon as practicable after a plea of guilty. Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A).

5.      It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

6.      Title 18, United States Code, Section 924(d) provides for the civil forfeiture of any firearm or ammunition involved in any knowing violation of 18 U.S.C. § 922(g). Title 28, United States Code, Section 2461(c) provides for the criminal forfeiture of any property that can be civilly forfeited.

7.      As set forth in the Plea Agreement, the defendant Chad Edward Keith and United States agree that he was in possession of the above listed firearms and

ammunition.  At the time the defendant was in possession of the firearms, he was aware that he was a convicted felon, prohibited from possessing a firearm and ammunition and that the firearms and ammunition had moved at some time from one state to another. (Doc. 17, p. 5)

8. Accordingly, the defendant's interest in the above listed firearms and ammunition are subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

9. A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture.  In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

///

///

///

DATED this 2nd day of November 2023.

                        Respectfully submitted,

                        COLE FINEGAN
                        United States Attorney

By:   *s/Kurt Bohn*
        Kurt Bohn
        Assistant U.S. Attorney
        U.S. Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        E-mail: Kurt.bohn@usdoj.gov
        *Attorney for the United States*

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 2nd day of November 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

*s/ Michelle Lockman*
FSA Records Examiner/Analyst
Office of the U.S. Attorney